E-FILED
Tuesday, 17 April, 2018 04:22:01 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOHN G. GILBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>R.L. JOHNSON, individually and<br>as Clerk of Court, Brown County<br>Court, Illinois; MRS. JOHN DOE,<br>Deputy Clerk; and JOHN DOE,<br>Executive Administrator of Court<br>Operations,<br><br>    Defendants. | No. 18-cv-3083 |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from the Western Illinois Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated. Because the Court lacks jurisdiction to provide Plaintiff the mandamus relief he seeks, Plaintiff's complaint is dismissed without prejudice.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

On April 13, 2018, Plaintiff filed a Motion for Leave to File Petition of Mandamus (d/e 1), an Application for Waiver of Court Fees (d/e 2), a Motion for Interim Fee Awards for Trust Account Debt (d/e 4), and a Motion to Stay All Proceedings (d/e 5). In the Motion for Leave, Plaintiff alleges that he sent documents to the Brown County Circuit Clerk for filing in case number 2017-MR-23. He included extra copies of the documents and asked that the copies be file-stamped and returned to Plaintiff. Plaintiff asserts that the circuit clerk has refused to send him copies of his filings, despite repeated requests. Plaintiff also appears to allege that the circuit clerk is not filing his documents on the date received. Plaintiff alleges that the circuit clerk has a duty to date-stamp

filings upon receipt and return copies to Plaintiff pursuant to state statute or the Illinois Constitution.

Plaintiff includes as an exhibit a state court order (d/e 1, page 49 of 74) dated March 21, 2018. The order states that, due to the number of documents Plaintiff is filing in the state court, the clerk need only file stamp the outside of the envelopes received and number the envelopes. The court will then review the contents of each envelope and issue rulings as appropriate. Plaintiff also attaches the state court docket sheet, which contains notations that the clerk returned file-stamped copies of certain documents to Plaintiff, although Plaintiff has a handwritten notation that he did not receive them. See, e.g., (d/e 1, page 56 of 74).

Plaintiff requests this Court immediately order the circuit clerk to file-stamp, record, and docket by name all documents and return copies of all file-stamped documents with hearing dates and an updated docket to Plaintiff. Plaintiff asserts that, if he is denied his copies, he will continue to suffer severe hardship and prejudice and the denial of due process, equal protection, and access to the court.

This Court lacks jurisdiction to provide Plaintiff the mandamus relief he seeks. Federal district courts have original

jurisdiction to issue writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The defendants in this case are not officers or employees of the United States. In addition, while the All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," the All Writs Act does not itself create jurisdiction. 28 U.S.C. § 1651(a); Hill v. Baxter Healthcare Corp., 405 F.3d 572, 577 (7th Cir. 2005). Simply put, this Court lacks mandamus jurisdiction to compel action by state officials. See In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (finding that, generally, a federal court does not have power under the All Writs Act to "issue mandamus to a state judicial officer to control or interfere with state court litigation"); Davis v. Spoden, No. 09-CV-002-BBC, 2009 WL 483180, at *1 (W.D. Wis. Feb. 25, 2009) ("Federal district courts lack jurisdiction to issue a writ of mandamus to direct state courts in the performance of their duties.").

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915A. Because amendment would be futile, the Clerk is DIRECTED to enter judgment pursuant to Federal Rule of Civil Procedure 58 and close the case.

2) The pending Motion for Interim Fee Award (d/e 4) and the Motion to Stay All Proceedings (d/e 5) are DENIED AS MOOT.

3) **If not already done, the clerk is directed to grant Plaintiff's petition to proceed in forma pauperis for the purpose of allowing Plaintiff to pay the filing fee in installments.** Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose

to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

**ENTERED: April 16, 2018**

**FOR THE COURT:**

                              <u>s/Sue E. Myerscough</u>
                              **SUE E. MYERSCOUGH**
                              **UNITED STATES DISTRICT JUDGE**